# COMPOSITE EXHIBIT "A"

*State Court Filings*

NYSCEF
Ulster County Supreme Court

**Document List**
**Index # EF2024-108**

Created on:01/10/2025 10:23 AM

Case Caption: **PATRICIA CARAPINA v. PATRICIA LOWRY et al**
Judge Name: **Sharon Graff**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 01/10/2024 | Janusas, J. |
| 2 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 03/08/2024 | Janusas, J. |
| 3 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 03/08/2024 | Janusas, J. |
| 4 | | Deleted | | |
| 5 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION *Corrected* | Processed | 07/05/2024 | Gallagher, J. |
| 6 | MEMORANDUM OF LAW *Corrected* | Processed | 07/05/2024 | Gallagher, J. |
| 7 | EXHIBIT(S) - A<br>Exhibit A - S & C | Processed | 04/08/2024 | Gallagher, J. |
| 8 | EXHIBIT(S) - B *Corrected*<br>Exhibit B - Affidavits of Service | Processed | 07/05/2024 | Gallagher, J. |
| 9 | EXHIBIT(S) - C *Corrected*<br>Exhibit C- Affidavit of Kathleen Magee | Processed | 07/05/2024 | Gallagher, J. |
| 10 | | Deleted | | |
| 11 | ANSWER | Processed | 05/21/2024 | Gallagher, J. |
| 12 | ANSWER | Processed | 05/21/2024 | Gallagher, J. |
| 13 | DEMAND FOR BILL OF PARTICULARS | Processed | 07/05/2024 | Gallagher, J. |
| 14 | DEMAND FOR:<br>Demand for Discovery and Inspection | Processed | 07/05/2024 | Gallagher, J. |
| 15 | DEMAND FOR:<br>Demand for Medicals Sec. 202.17 | Processed | 07/05/2024 | Gallagher, J. |
| 16 | DEMAND FOR:<br>Demand to Plaintiff re Accident Reports | Processed | 07/05/2024 | Gallagher, J. |
| 17 | DEMAND FOR:<br>Demand to Plaintiff re Collateral Source | Processed | 07/05/2024 | Gallagher, J. |
| 18 | DEMAND FOR:<br>Demand to Plaintiff re CPLR 3017 Demand Damages | Processed | 07/05/2024 | Gallagher, J. |
| 19 | DEMAND FOR:<br>Demand to Plaintiff re Intention to Speak with Treating Doctors | Processed | 07/05/2024 | Gallagher, J. |
| 20 | DEMAND FOR:<br>Demand to Plaintiff re Medical AZs and Records | Processed | 07/05/2024 | Gallagher, J. |
| 21 | DEMAND FOR:<br>Demand to Plaintiff re Notice to Conduct Physical Exam | Processed | 07/05/2024 | Gallagher, J. |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 22 | DEMAND FOR:<br>Demand to Plaintiff re Proof of Service | Processed | 07/05/2024 | Gallagher, J. |
| 23 | DEMAND FOR:<br>Demand to Plaintiff re Witness Information | Processed | 07/05/2024 | Gallagher, J. |
| 24 | NOTICE OF MOTION (Motion #001) | Processed | 07/05/2024 | Gallagher, J. |
| 25 | RJI -RE: NOTICE OF MOTION (Motion #001) | Processed | 07/05/2024 | Gallagher, J. |
| 26 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 07/18/2024 | Janusas, J. |
| 27 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 07/18/2024 | Janusas, J. |
| 28 | LETTER / CORRESPONDENCE TO JUDGE (Motion #001) | Processed | 07/19/2024 | Gallagher, J. |
| 29 | PRELIMINARY CONFERENCE REQUEST | Processed | 09/10/2024 | Janusas, J. |
| 30 | | Deleted | | |
| 31 | DEMAND FOR:<br>Request for Admissions | Processed | 10/31/2024 | Gallagher, J. |
| 32 | COURT NOTICE | Processed | 11/18/2024 | Court User |
| 33 | ORDER - PRELIMINARY CONFERENCE | Processed | 12/11/2024 | Court User |
| 34 | NOTICE OF APPEARANCE (POST RJI) | Processed | 01/06/2025 | Stern, R. |
| 35 | NOTICE OF APPEARANCE (PRE RJI) | Processed | 01/09/2025 | Barr, R. |

SUPREME COURT OF THE STATE OF NEW YORK
ULSTER COUNTY
-------------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendant.
-------------------------------------------------------------------X

Index No.:
Date Filed:

Plaintiff designates Ulster County as place of trial

The basis of venue is Situs of Incident

**SUMMONS**

Plaintiff resides at
8705 West Metairie
Metairie, Louisiana 70003

To the above named Defendants:

**YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Liberty, New York
January 10, 2024

JOHN V. JANUSAS
Attorney for Plaintiff
17 North Main Street
Liberty, New York 12754
(845) 295-4550

To: PATRICIA LOWRY
Defendant Pro Se
14 Reynolds Street
Kingston, New York 12401

KATHLEEN MAGEE
Defendant Pro Se
14 Reynolds Street
Kingston, New York 12401

AIRBNB, INC.
Defendant Pro Se
888 Brannan Street, Floor 4,
San Francisco, State of California, 94013.

SUPREME COURT OF THE STATE OF NEW YORK
ULSTER COUNTY
---------------------------------------------------------------------------X
PATRICIA CARAPINA,

**VERIFIED**
**COMPLAINT**

Plaintiff,

Index No.:

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and
AIRBNB, INC.,

Defendant.
---------------------------------------------------------------------------X

Plaintiff, PATRICIA CARAPINA by her attorney, JOHN V. JANUSAS, as and for her Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, PATRICIA CARAPINA, at all times herein mentioned was and still is a resident of the Parish of Jefferson, in the Village of Metairie in the State of Louisiana.

2. At all times herein mentioned, defendant PATRICIA LOWRY, was and still is a resident of the County of Ulster, in the City of Kingston, in the State of New York.

3. At all times herein mentioned, defendant KATHLEEN MAGEE, was and still is a resident of the County of Ulster, in the City of Kingston, in the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, Defendant, AIRBNB, INC., is a foreign business corporation, duly organized and existing under the laws of the State of California, and duly licensed to conduct business within the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, Defendant, AIRBNB, INC., maintained a principal place of business at 888 Brannan Street, Floor 4, San Francisco, State of California 94013.

6. Upon information and belief, that at all times hereinafter mentioned, prior to and on January 18, 2023, Defendant, AIRBNB, INC., operated an online marketplace and hospitality service via its website, that listed and advertised the property owned by Defendants, PATRICIA LOWRY and KATHLEEN MAGEE, and provided the means by which prospective invitees/ licenses contracted with the owners, Defendants, PATRICIA LOWRY and KATHLEEN MAGEE, to rent the premises, with full liability insurance covering prospective tenants, invitees, licensees, and/or contract venues from the negligence of Defendants, PATRICIA LOWRY and KATHLEEN MAGEE.

7. Upon information and belief, that at all times hereinafter mentioned, for its part, Defendant, AIRBNB, INC., contracted for, collected, and was paid a certain percentage of said money for its online listing, located at 14 Reynolds Street in the City of Kingston, County of Ulster in the State of New York, and said defendant, AIRBNB, INC., made certain express and/or implied warranties as to the condition and safety of the premises, on its behalf and/or agent on behalf of Defendants, PATRICIA LOWRY and KATHLEEN MAGEE.

8. That on or about January 18, 2023, at all times herein mentioned, Defendants, PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC., through their agents, servants, employees, and/or assigns, to operate, manage, maintain, supervise, repair, inspect, and control the premises located at 14 Reynolds Street in the City of Kingston, County of Ulster in the State of New York.

9. That on or about January 18, 2023, at all times herein mentioned, it was the duty of Defendants, PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC., through their agents, servants, employees, and/or assigns, to operate, manage, maintain, supervise, repair, inspect, and control the premises located at 14 Reynolds Street in the City of Kingston, County of Ulster in the State of New York in a reasonably safe condition, free of dangers and hazards to those individuals lawfully thereat, including plaintiff, PATRICIA CARAPINA.

10. At all times herein mentioned, PATRICIA CARAPINA was lawfully upon defendant's premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

11. At all times herein mentioned, defendant PATRICIA LOWRY, owned the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

12. At all times herein mentioned, defendant KATHLEEN MAGEE, owned the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

13. At all times herein mentioned, defendant PATRICIA LOWRY, was one of the owners of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

14. At all times herein mentioned, defendant KATHLEEN MAGEE, was one of the owners of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

15. At all times herein mentioned, defendant PATRICIA LOWRY, was a lessee of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

16. At all times herein mentioned, defendant KATHLEEN MAGEE, was a lessee of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

17. At all times herein mentioned, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees operated the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

18. At all times herein mentioned, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees operated the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

19. At all times herein mentioned, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees maintained the of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

20. At all times herein mentioned, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees maintained the of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

21. At all times herein mentioned, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees managed the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

22. At all times herein mentioned, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees managed the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

23. At all times herein mentioned, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees controlled the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

24. At all times herein mentioned, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees controlled the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

25. At all times herein mentioned, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees supervised of premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

26. At all times herein mentioned, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees supervised of premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

27. On or before January 18, 2023, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees repaired the of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

28. On or before January 18, 2023, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees repaired the of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

29. On or before January 18, 2023, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees inspected the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

30. On or before January 18, 2023, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees inspected the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

31. On or before January 18, 2023, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees constructed the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

32. On or before January 18, 2023, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees constructed the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

33. On or before January 18, 2023, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees designed the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

34. On or before January 18, 2023, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees designed the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

35. At all times herein mentioned, it was the duty of defendant PATRICIA LOWRY, defendant's servants, agents and/or employees to maintain the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

36. At all times herein mentioned, it was the duty of defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees to maintain the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

37. Solely as a result of the defendant's negligence, carelessness and recklessness, on January 18, 2023, PATRICIA CARAPINA was caused to suffer severe and serious personal injuries to mind and body at the subject premises at the of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York and further, that PATRICIA CARAPINA was subjected to great physical pain and mental anguish.

38. The aforesaid occurrence was caused by the negligence of the defendants, without any culpable conduct on the part of PATRICIA CARAPINA.

39. By reason of the foregoing, PATRICIA CARAPINA was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and PATRICIA CARAPINA will be permanently caused to suffer pain, inconvenience and other effects of such injuries; PATRICIA CARAPINA incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and PATRICIA

CARAPINA will be unable to pursue her usual duties with the same degree of efficiency as prior to this accident, all to her great damage.

40. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

41. Due to the negligence of the defendants, plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: County of Sullivan
January 10, 2024

JOHN V. JANUSAS
Attorney for Plaintiff
17 North Main Street
Liberty, New York 12754
(845) 295-4550

To: PATRICIA LOWRY
Defendant Pro Se
14 Reynolds Street
Kingston, New York 12401

KATHLEEN MAGEE
Defendant Pro Se
14 Reynolds Street
Kingston, New York 12401

AIRBNB, INC.
Defendant Pro Se
888 Brannan Street, Floor 4,
San Francisco, State of California, 94013.

**VERIFICATION**

I, JOHN V. JANUSAS, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am the attorney for the plaintiff in the within action.

I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are conversations with the claimant, the materials in my file and the investigation conducted by my office.

I make this verification in lieu of the plaintiff based on the fact that I maintain my office in Sullivan County, which is a county other than where the plaintiff resides.

Dated: Sullivan County, New York
January 10, 2024

JOHN V. JANUSAS

Index No.: Year:
SUPREME COURT OF THE STATE OF NEW YORK
ULSTER COUNTY

---

PATRICIA CARAPINA,

Plaintiff,

-against -

PATRICIA LOWRY, KATHLEEN MAGEE and
AIRBNB, INC.,

Defendants.

---

Summons and Complaint

---

JOHN V. JANUSAS
Attorney for Plaintiff
17 North Main Street
Liberty, New York 12754
(845) 295-4550

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

John V. Janusas, Esq.

JOHN V. JANUSAS
Attorney at Law
17 North Main Street
Liberty, New York 12754
(845) 295-4550

Job #: 2402318

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ULSTER**

| | |
|---|---|
| Patricia Carapina,<br><br>Plaintiff(s)<br><br>*-against-*<br><br>Patricia Lowry, et al.,<br><br>Defendant(s) | **Index Number:** EF2024-108<br><br>**Date Filed:** 01/10/2024<br>**Client's File No.:**<br>**Court/Return Date:** |

STATE OF NEW YORK, COUNTY OF ULSTER, SS.:

## AFFIDAVIT OF SERVICE

**Suzanne Gordon**, being sworn says:

Deponent is not a party herein is over the age of 18 years and resides in the State of New York.

On **February 29, 2024**, at **7:32 AM** at **14 Reynolds Street, Kingston, NY 12401**, Deponent served the within **Summons and Verified Complaint**

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

On: **Patricia Lowry**, Defendant therein named, (hereinafter referred to as "subject").

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said subject personally; Deponent knew the person so served to be the person described in as said subject therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to **Liz Siegel (Friend)** a person of suitable age and discretion. Said premises is subject's:[] actual place of business / employment [X] dwelling house / usual place of abode / last-known residence within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is subjects
[] actual place of business / employment [] dwelling house / usual place of abode / last-known residence within the state. Attempts at personal delivery were made on:

☐ **#4 AUTHORIZED AGENT**
By delivering thereat a true copy of each personally to , which person is the thereof, an agent duly authorized to accept service on behalf thereof.

☒ **#5 MAILING**
On **March 1, 2024**, service was completed by mailing a true copy of above document(s) to the above address in a first-class, postpaid, properly addressed envelope marked "Personal and Confidential", from a depository under the exclusive care and custody of the United States Post Office in the State of New York, or, if not served in New York State, within the State in which the service occurred.

☐ An additional mailing was completed to the address above by certified mail. Certified mailing #

☒ **#6 APPROXIMATE DESCRIPTION**
**Sex**: Female **Skin/Race:** White **Color of hair:** Lt. Brown **Age**: 33
**Height**: 5/8 **Weight**: 200-210 **Other Features**:

☒ **#7 MILITARY SERVICE:** Upon information and belief, subject is not active in the U.S. Military Service in any capacity. No specific active military information was provided by recipient when questioned during service, and/or non-military status was confirmed through records of the U.S. Dept. Of Defense or otherwise known to and/or verified by me, and I received no indication during completion of this service that subject is active military.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of $

☐ **#9 OTHER**

Sworn to before me on March 4, 2024

*Nicole M. Simmons (Reg. #01SI6180797)*
*Notary Public, State of New York*
*Qualified in Ulster County*
*Commission Expires 01/22/2028*

Suzanne Gordon

*RONDOUT LEGAL SERVICES, INC., PO BOX 4115, KINGSTON, NY 12402 (TEL.: 845-331-6029)*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

Job #: 2402323

Patricia Carapina,

Plaintiff(s)

-against-

Patricia Lowry, et al.,

Defendant(s)

Index Number: EF2024-108

Date Filed: 01/10/2024

Client's File No.:

Court/Return Date:

STATE OF NEW YORK, COUNTY OF ULSTER, SS.:

# AFFIDAVIT OF SERVICE

**Suzanne Gordon**, being sworn says:

Deponent is not a party herein is over the age of 18 years and resides in the State of New York.

On **February 29, 2024**, at **7:32 AM** at **14 Reynolds Street, Kingston, NY 12401**, Deponent served the within **Summons and Verified Complaint**

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

On: **Kathleen Magee**, Defendant therein named, (hereinafter referred to as "subject").

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said subject personally; Deponent knew the person so served to be the person described in as said subject therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to **Liz Siegel (Friend)** a person of suitable age and discretion. Said premises is subject's [] actual place of business / employment [X] dwelling house / usual place of abode / last-known residence within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is subjects
[] actual place of business / employment [] dwelling house / usual place of abode / last-known residence within the state. Attempts at personal delivery were made on:

☐ **#4 AUTHORIZED AGENT**
By delivering thereat a true copy of each personally to , which person is the thereof, an agent duly authorized to accept service on behalf thereof.

☒ **#5 MAILING**
On **March 1, 2024**, service was completed by mailing a true copy of above document(s) to the above address in a first-class, postpaid, properly addressed envelope marked "Personal and Confidential" , from a depository under the exclusive care and custody of the United States Post Office in the State of New York, or, if not served in New York State, within the State in which the service occurred.

☐ An additional mailing was completed to the address above by certified mail. Certified mailing #

☒ **#6 APPROXIMATE DESCRIPTION**

| | | | |
|---|---|---|---|
| **Sex**: Female | **Skin/Race**: White | **Color of hair**: Lt. Brown | **Age**: 33 |
| **Height**: 5/8 | **Weight**: 200-210 | **Other Features**: | |

☒ **#7 MILITARY SERVICE**: Upon information and belief, subject is not active in the U.S. Military Service in any capacity. No specific active military information was provided by recipient when questioned during service, and/or non-military status was confirmed through records of the U.S. Dept. Of Defense or otherwise known to and/or verified by me, and I received no indication during completion of this service that subject is active military.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of $

☐ **#9 OTHER**

Sworn to before me on March 4, 2024

*Nicole M. Simmons (Reg. #01SI6180797)*
*Notary Public, State of New York*
*Qualified in Ulster County*
*Commission Expires 01/22/2028*

Suzanne Gordon

*Rondout Legal Services, Inc., PO Box 4115, Kingston, NY 12402 (Tel.: 845-331-6029)*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**AFFIRMATION IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SERVICE**

Defendants PATRICIA LOWRY and KATHLEEN MAGEE (collectively, "Owner", or individually, "Defendant Lowry" or "Defendant Magee"), pursuant to CPLR 3211(a)(8) and by and through its attorneys, DERREVERE STEVENS BLACK & COZAD, moves this Honorable Court to dismiss this matter for improper service of process and as grounds therefore state as follows upon information and belief:

## BACKGROUND

1. This matter concerns a slip and fall incident wherein Plaintiff PATRICIA CARAPINA alleges she slipped and fell on or about January 18, 2023 and sustained personal injuries at and while renting a property on a short-term basis that was owned by Owner and located at 14 Reynolds Street Unit #2, Kingston, NY (hereinafter, "Premises").

2. Plaintiff commenced this action by filing a Summons and Complaint with the Clerk of the Court in the Supreme Court of the State of New York, County of Ulster. Summons and Complaint at **Exhibit A**.

3. On March 8, 2024, Plaintiff filed two affidavits of service representing that Owner was served pursuant to CPLR 308(2), the "serve and mail" method of personal service, by virtue

of delivering the Summons and Complaint to Liz Seigel at the Premises and mailing a copy to the Premises. Affidavits of Service at **Exhibit B**.

4. The Premises is not the dwelling place or usual place of abode of Defendant Lowry or Defendant Magee. Defendant Lowry, a 94-year-old woman whose sole involvement with the Premises is and has always been supplying the financing to purchase of the Premises, resides and resided at 1598 Halama St., Kihei, Hawaii, 96753 at the time service of the Summons and Complaint was purportedly made. *See* Affidavit of Kathleen Magee at **¶6** of **Exhibit C**, and a copy of Defendant Lowry's Driver's License attached thereto**.**

5. Defendant Lowry last visited the Premises in October 2017. *See*, ¶8 of **Exhibit C**.

6. At the time service was purportedly made, Defendant Magee lived two hours away in Brooklyn, New York. *See* ¶4 **of Exhibit C**, and a Con Edison electrical bill attached thereto**.**

7. Defendant Magee only visits the Premises on occasion and all maintenance and repairs of the Premises are contracted to a handyman. Additionally, Defendant Magee does not regularly transact business at the Premises, and payments for renting the Premises are handled via online services. *See*, ¶5 at **Exhibit C**.

8. Finally, Defendant Magee was in Hawaii attending to Defendant Lowry during the time service was purportedly made on February 27, 2024. *See*, ¶9 of **Exhibit C**.

9. Since Owner does not regularly conduct business, dwell, or utilize the Premises as their usual place of abode, substitute service via the "serve and mail" method is improper. Respectfully, Plaintiff has failed to establish personal jurisdiction and the Court should issue an order quashing purported service of the Summons and Complaint on Defendant Lowry and Defendant Magee.

**CONCLUSION**

10. Plaintiff attempted to serve Defendant Lowry, a 94-year-old woman who lives in Hawaii, via substitute service at the Premises where she has not visited in the last seven (7) years. Similarly, Plaintiff attempted service on Defendant Magee, who not only lives two hours away from the Premises but was not even in the continental United States when service was allegedly made. For these reasons, Defendant Lowry and Defendant Magee respectfully request that an order quashing service of process be issued, together with attorneys' fees, the costs of this suit, and such other relief as this Court may order.

**WHEREFORE**, Defendant Lowry and Defendant Magee respectfully request that their motion to quash service of the Summons and Complaint be granted in its entirety, and that an order be issued which grants this relief, together with an award to Defendant Lowry and Defendant Magee of attorneys' fees, the costs of this suit, and such other relief as this Court may order.

Dated: July 5, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:______________________________

JAMES F. GALLAGHER, ESQ.
270 Madison Avenue, Suite 1304
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
ksc@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
--------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
--------------------------------------------------------------X

Index No.: EF2024-108

**MEMEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SERVICE**

Defendants, PATRICIA LOWRY and KATHLEEN MAGEE (collectively, "Owner" or individually, "Defendant Lowry" and "Defendant Magee"), pursuant to CPLR 3211(a)(8) and by and through its attorneys, DERREVERE STEVENS BLACK & COZAD, hereby files this Memorandum of Law in Support of Motion to Quash Service, and in support thereof state:

## MEMORANDUM OF LAW

Service of process is governed under CPLR 308, which states in pertinent part:

> **SECTION 308 Personal service upon a natural person.** Personal service upon a natural person shall be made by any of the following methods:
> …
> 2. by delivering the summons within the state to a person of suitable age and discretion at the *actual place of business*, *dwelling place* or *usual place of abode* of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing…

As service of process impinges on due process, jurisdiction over the person is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been strictly complied with. *CitiMortgage, Inc. v. Twersky*, 153 AD3d 1230, 1232 [2d Dept 2017]. Moreover, in a challenge to service of process, the fact that a defendant has received prompt notice of the action is no moment. *Macchia v. Russo*, 67 NY2d 592, 595 [1986]. Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the Court. *Id.*

Furthermore, acceptance of service by a person of suitable age and discretion is invalid if the service address is not, in fact, the defendant's (1) actual place of business, (2) dwelling place, or (3) usual place of abode. *Everbank v. Kelly*, 203 AD3d 138, 147 [2d Dept. 2022]. The process server must perform a proper inquiry to determine the defendant's actual place of business, dwelling place, or usual place of abode, which under CPLR 308 must be correct absent very limited exceptions. *Id.* To be sure, the *Everbank* case is particularly instructive as the facts therein closely mirror the facts at bar. In *Everbank*, the process server attempted to serve a son and a father-in-law, both homeowners in a foreclosure action. The process server served the daughter-in-law who "verified that the intended recipient actually resides at this location." A default judgment was obtained. Three years later, the father-in-law moved to vacate the judgment on the grounds that he never resided at the property, and only executed the mortgage and note to assist his daughter and son-in-law in obtaining the loan. As the father-in-law never lived at the location, never conducted business there, or dwelled there, the Appellate Division reversed the trial court, holding that service of process was not effectuated at a location authorized by CPLR 308(2).

Here, the facts regarding Defendant Lowry are similar to *Everbank*. The last time Defendant Lowry even set foot in the 14 Reynolds Street address was nearly seven years ago in

October of 2017, when she attended her granddaughter's wedding. Otherwise, Defendant Lowry does not dwell or otherwise utilize the 14 Reynolds Street as her abode. Indeed, her driver's license reflects that she has resided in Hawaii for at least since February 23, 2021. Courts have accepted driver's licenses as proof of non-residence and non-domicile at an address. *Everbank* at 144 ("Bressler's motion was supported by several pieces of documentary evidence reflecting that his residence was located [at a different address]. These documents included his driver license containing the [different address] which was issued on a date that preceded the service of process…"); *Washington Mut. Bank v. Murphy*, 127 AD3d 1167, 1171 [Sup Ct 2015] ("Murphy established that his driver's license listed [a different address] as his residence."). Neither does Defendant Lowry participate in the operations of renting out 14 Reynolds Street. As a result, service on Defendant Lowry via substituted service here is improper and personal jurisdiction is not established. Similarly, Defendant Magee has lived in Brooklyn since November 2021, and as evidenced by her electrical bill, the 14 Reynolds Street Address cannot be said to be her regular abode or dwelling place.

With respect to actual place of business, New York Courts have held that service is invalid if delivery is made at a place where the defendant maintained a place of business in the past, but does not do so <u>at the time of service</u>. *Glasser v. Keller*, 567 N.Y.S. 981, 982 [Sup Ct 1991] (emphasis added). Thus, service may be inappropriate when served on a defendant who is temporarily out of the country or who has retired prior to service. *Cho v. Song*, 166 Misc 2d 129, 134 [Sup Ct 1995] (service quashed against doctor who held office at health science center for 20 years, but was temporarily on a yearlong sabbatical when service attempted on his "regular place of business"); *Balendran by Balendran v N. Shore Med. Group, P.C.,* 251 AD2d 522, 523 [2d Dept 1998](quashing service where defendant retired prior to attempted service). Further, the "actual

place of business" must be where (1) the person is physically present with regularity, and (2) that person must be shown to regularly transact business at that location. *Selmani v. City of New York*, 100 AD3d 861, 861 [2d Dept 2012]. A defendant who has an interest in conducting business from a given place but who himself does not regularly transact business at such a place cannot be said to have such place as his "actual place of business." *Bridgehampton Nat. Bank v. Watermill Hgts. Assoc.*, 157 Misc 2d 246, 250 [Sup Ct 1993]; *see also Anon Realty Assoc., L.P. v. Simmons Stanley Ltd.,* 583 NYS2d 778 [Sup Ct 1992] (quashing service under CPLR section 308(2) when served on corporate secretarial receptionist where owners resided out of state and conducted business primarily from their homes in California, even if owners were listed as officers of corporation); *Natl. Union Fire Ins. Co. of Pittsburgh, PA. v Forman 635 Joint Venture,* 94 CIV. 1312 (LLS), 1996 WL 272074, at *2 [SDNY May 21, 1996]("If a defendant has an interest in an entity conducting business from a particular place but does not himself regularly transact business there, it is not his actual place of business for purposes of section 308(2)").

Here, there is no dispute that Defendant Lowry is not physically present at the service location with any regularity. Similarly, with respect to Defendant Magee, her absence from the jurisdiction establishes that she is not physically present "with regularity" particularly where she is travelling for an extended period to care for an elderly parent. Further, even if she was not physically outside of the continental United States, her reliance on a handyman to assist with tenant issues establishes that she is not "regularly" physically present at the address for service to be effective. Indeed, personal service by way of delivery at a defendant's actual place of business is allowed only because it is presumed that the business relationship between the deliveree and the defendant will induce the prompt redelivery of the summons to the defendant. *Glasser* 567 N.Y.S. at 982. Here, with arm's length rentals handled through e-commerce platforms, there can be no

assumption that such summons will be redelivered to Defendant Magee, particularly where she is out of continental United States.

**CONCLUSION**

Plaintiff attempted to serve Defendant Lowry, a 94-year-old woman who lives in Hawaii, via substitute service at the Premises where she has not visited in the last seven (7) years. Similarly, Plaintiff attempted service on Defendant Magee, who not only lives two hours away from the Premises but was not even in the continental United States when service was allegedly made. For these reasons, Defendant Lowry and Defendant Magee respectfully request that an order quashing service of process be issued, together with attorneys' fees, the costs of this suit, and such other relief as this Court may order.

**WHEREFORE**, Defendant Lowry and Defendant Magee respectfully request that their motion to quash service of the Summons and Complaint be granted in its entirety, and that an order be issued which grants this relief, together with an award to Defendant Lowry and Defendant Magee of attorneys' fees, the costs of this suit, and such other relief as this Court may order.

Dated: July 5, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:______________________________

JAMES F. GALLAGHER, ESQ.
270 Madison Avenue, 8th Floor
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
ksc@derreverelaw.com

TO: **Via ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
ULSTER COUNTY
-----------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and
AIRBNB, INC.,

Defendant.
-----------------------------------------------------------------X

Index No.:
Date Filed:

Plaintiff designates
Ulster County
as place of trial

The basis of venue is
Situs of Incident

**SUMMONS**

Plaintiff resides at
8705 West Metairie
Metairie, Louisiana 70003

To the above named Defendants:

**YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Liberty, New York
January 10, 2024

JOHN V. JANUSAS
Attorney for Plaintiff
17 North Main Street
Liberty, New York 12754
(845) 295-4550

To: PATRICIA LOWRY
Defendant Pro Se
14 Reynolds Street
Kingston, New York 12401

KATHLEEN MAGEE
Defendant Pro Se
14 Reynolds Street
Kingston, New York 12401

AIRBNB, INC.
Defendant Pro Se
888 Brannan Street, Floor 4,
San Francisco, State of California, 94013.

SUPREME COURT OF THE STATE OF NEW YORK
ULSTER COUNTY
--------------------------------------------------------------------------X
PATRICIA CARAPINA,

**VERIFIED COMPLAINT**

Plaintiff,

Index No.:

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendant.
--------------------------------------------------------------------------X

Plaintiff, PATRICIA CARAPINA by her attorney, JOHN V. JANUSAS, as and for her Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, PATRICIA CARAPINA, at all times herein mentioned was and still is a resident of the Parish of Jefferson, in the Village of Metairie in the State of Louisiana.

2. At all times herein mentioned, defendant PATRICIA LOWRY, was and still is a resident of the County of Ulster, in the City of Kingston, in the State of New York.

3. At all times herein mentioned, defendant KATHLEEN MAGEE, was and still is a resident of the County of Ulster, in the City of Kingston, in the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, Defendant, AIRBNB, INC., is a foreign business corporation, duly organized and existing under the laws of the State of California, and duly licensed to conduct business within the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, Defendant, AIRBNB, INC., maintained a principal place of business at 888 Brannan Street, Floor 4, San Francisco, State of California 94013.

6. Upon information and belief, that at all times hereinafter mentioned, prior to and on January 18, 2023, Defendant, AIRBNB, INC., operated an online marketplace and hospitality service via its website, that listed and advertised the property owned by Defendants, PATRICIA LOWRY and KATHLEEN MAGEE, and provided the means by which prospective invitees/ licenses contracted with the owners, Defendants, PATRICIA LOWRY and KATHLEEN MAGEE, to rent the premises, with full liability insurance covering prospective tenants, invitees, licensees, and/or contract venues from the negligence of Defendants, PATRICIA LOWRY and KATHLEEN MAGEE.

7. Upon information and belief, that at all times hereinafter mentioned, for its part, Defendant, AIRBNB, INC., contracted for, collected, and was paid a certain percentage of said money for its online listing, located at 14 Reynolds Street in the City of Kingston, County of Ulster in the State of New York, and said defendant, AIRBNB, INC., made certain express and/or implied warranties as to the condition and safety of the premises, on its behalf and/or agent on behalf of Defendants, PATRICIA LOWRY and KATHLEEN MAGEE.

8. That on or about January 18, 2023, at all times herein mentioned, Defendants, PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC., through their agents, servants, employees, and/or assigns, to operate, manage, maintain, supervise, repair, inspect, and control the premises located at 14 Reynolds Street in the City of Kingston, County of Ulster in the State of New York.

9. That on or about January 18, 2023, at all times herein mentioned, it was the duty of Defendants, PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC., through their agents, servants, employees, and/or assigns, to operate, manage, maintain, supervise, repair, inspect, and control the premises located at 14 Reynolds Street in the City of Kingston, County of Ulster in the State of New York in a reasonably safe condition, free of dangers and hazards to those individuals lawfully thereat, including plaintiff, PATRICIA CARAPINA.

10. At all times herein mentioned, PATRICIA CARAPINA was lawfully upon defendant's premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

11. At all times herein mentioned, defendant PATRICIA LOWRY, owned the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

12. At all times herein mentioned, defendant KATHLEEN MAGEE, owned the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

13. At all times herein mentioned, defendant PATRICIA LOWRY, was one of the owners of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

14. At all times herein mentioned, defendant KATHLEEN MAGEE, was one of the owners of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

15. At all times herein mentioned, defendant PATRICIA LOWRY, was a lessee of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

16. At all times herein mentioned, defendant KATHLEEN MAGEE, was a lessee of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

17. At all times herein mentioned, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees operated the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

18. At all times herein mentioned, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees operated the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

19. At all times herein mentioned, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees maintained the of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

20. At all times herein mentioned, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees maintained the of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

21. At all times herein mentioned, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees managed the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

22. At all times herein mentioned, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees managed the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

23. At all times herein mentioned, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees controlled the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

24. At all times herein mentioned, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees controlled the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

25. At all times herein mentioned, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees supervised of premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

26. At all times herein mentioned, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees supervised of premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

27. On or before January 18, 2023, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees repaired the of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

28. On or before January 18, 2023, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees repaired the of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

29. On or before January 18, 2023, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees inspected the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

30. On or before January 18, 2023, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees inspected the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

31. On or before January 18, 2023, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees constructed the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

32. On or before January 18, 2023, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees constructed the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

33. On or before January 18, 2023, defendant PATRICIA LOWRY, defendant's servants, agents and/or employees designed the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

34. On or before January 18, 2023, defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees designed the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

35. At all times herein mentioned, it was the duty of defendant PATRICIA LOWRY, defendant's servants, agents and/or employees to maintain the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

36. At all times herein mentioned, it was the duty of defendant KATHLEEN MAGEE, defendant's servants, agents and/or employees to maintain the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York.

37. Solely as a result of the defendant's negligence, carelessness and recklessness, on January 18, 2023, PATRICIA CARAPINA was caused to suffer severe and serious personal injuries to mind and body at the subject premises at the of the premises at 14 Reynolds Street in the City of Kingston, County of Ulster, in the State of New York and further, that PATRICIA CARAPINA was subjected to great physical pain and mental anguish.

38. The aforesaid occurrence was caused by the negligence of the defendants, without any culpable conduct on the part of PATRICIA CARAPINA.

39. By reason of the foregoing, PATRICIA CARAPINA was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and PATRICIA CARAPINA will be permanently caused to suffer pain, inconvenience and other effects of such injuries; PATRICIA CARAPINA incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and PATRICIA

CARAPINA will be unable to pursue her usual duties with the same degree of efficiency as prior to this accident, all to her great damage.

40. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

41. Due to the negligence of the defendants, plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: County of Sullivan
January 10, 2024

JOHN V. JANUSAS
Attorney for Plaintiff
17 North Main Street
Liberty, New York 12754
(845) 295-4550

To: PATRICIA LOWRY
Defendant Pro Se
14 Reynolds Street
Kingston, New York 12401

KATHLEEN MAGEE
Defendant Pro Se
14 Reynolds Street
Kingston, New York 12401

AIRBNB, INC.
Defendant Pro Se
888 Brannan Street, Floor 4,
San Francisco, State of California, 94013.

# VERIFICATION

I, JOHN V. JANUSAS, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am the attorney for the plaintiff in the within action.

I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are conversations with the claimant, the materials in my file and the investigation conducted by my office.

I make this verification in lieu of the plaintiff based on the fact that I maintain my office in Sullivan County, which is a county other than where the plaintiff resides.

Dated: Sullivan County, New York
January 10, 2024

JOHN V. JANUSAS

Index No.: Year:
SUPREME COURT OF THE STATE OF NEW YORK
ULSTER COUNTY

---

PATRICIA CARAPINA,

Plaintiff,

-against -

PATRICIA LOWRY, KATHLEEN MAGEE and
AIRBNB, INC.,

Defendants.

---

Summons and Complaint

---

JOHN V. JANUSAS
Attorney for Plaintiff
17 North Main Street
Liberty, New York 12754
(845) 295-4550

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

John V. Janusas, Esq.

JOHN V. JANUSAS
Attorney at Law
17 North Main Street
Liberty, New York 12754
(845) 295-4550

# EXHIBIT B

Job #: 2402318

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

| | |
|---|---|
| Patricia Carapina,<br>Plaintiff(s)<br>-against-<br>Patricia Lowry, et al.,<br>Defendant(s) | Index Number: EF2024-108<br>Date Filed: 01/10/2024<br>Client's File No.:<br>Court/Return Date: |

STATE OF NEW YORK, COUNTY OF ULSTER, SS.:

# AFFIDAVIT OF SERVICE

**Suzanne Gordon**, being sworn says:

Deponent is not a party herein is over the age of 18 years and resides in the State of New York.

On **February 29, 2024**, at **7:32 AM** at **14 Reynolds Street, Kingston, NY 12401**, Deponent served the within **Summons and Verified Complaint**

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.
On: **Patricia Lowry**, Defendant therein named, (hereinafter referred to as "subject").

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said subject personally; Deponent knew the person so served to be the person described in as said subject therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to **Liz Siegel (Friend)** a person of suitable age and discretion. Said premises is subject's:[] actual place of business / employment [X] dwelling house / usual place of abode / last-known residence within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is subjects
[] actual place of business / employment [] dwelling house / usual place of abode / last-known residence within the state. Attempts at personal delivery were made on:

☐ **#4 AUTHORIZED AGENT**
By delivering thereat a true copy of each personally to , which person is the thereof, an agent duly authorized to accept service on behalf thereof.

☒ **#5 MAILING**
On **March 1, 2024**, service was completed by mailing a true copy of above document(s) to the above address in a first-class, postpaid, properly addressed envelope marked "Personal and Confidential" , from a depository under the exclusive care and custody of the United States Post Office in the State of New York, or, if not served in New York State, within the State in which the service occurred.

☐ An additional mailing was completed to the address above by certified mail. Certified mailing #

☒ **#6 APPROXIMATE DESCRIPTION**
**Sex**: Female **Skin/Race:** White **Color of hair:** Lt. Brown **Age:** 33
**Height**: 5/8 **Weight**: 200-210 **Other Features:**

☒ **#7 MILITARY SERVICE:** Upon information and belief, subject is not active in the U.S. Military Service in any capacity. No specific active military information was provided by recipient when questioned during service, and/or non-military status was confirmed through records of the U.S. Dept. Of Defense or otherwise known to and/or verified by me, and I received no indication during completion of this service that subject is active military.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of $

☐ **#9 OTHER**

Sworn to before me on March 4, 2024

[signature]

*Nicole M. Simmons (Reg. #01SI6180797)*
*Notary Public, State of New York*
*Qualified in Ulster County*
*Commission Expires 01/22/2028*

[signature]
Suzanne Gordon

*RONDOUT LEGAL SERVICES, INC., PO BOX 4115, KINGSTON, NY 12402 (TEL.: 845-331-6029)*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

Job #: 2402323

Patricia Carapina,

Plaintiff(s)

-against-

Patricia Lowry, et al.,

Defendant(s)

Index Number: EF2024-108

Date Filed: 01/10/2024
Client's File No.:
Court/Return Date:

STATE OF NEW YORK, COUNTY OF ULSTER, SS.:

# AFFIDAVIT OF SERVICE

**Suzanne Gordon**, being sworn says:

Deponent is not a party herein is over the age of 18 years and resides in the State of New York.
On **February 29, 2024**, at **7:32 AM** at **14 Reynolds Street, Kingston, NY 12401**, Deponent served the within **Summons and Verified Complaint**

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.
On: **Kathleen Magee**, Defendant therein named, (hereinafter referred to as "subject").

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said subject personally; Deponent knew the person so served to be the person described in as said subject therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to **Liz Siegel (Friend)** a person of suitable age and discretion. Said premises is subject's [] actual place of business / employment [X] dwelling house / usual place of abode / last-known residence within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is subjects
[] actual place of business / employment [] dwelling house / usual place of abode / last-known residence within the state. Attempts at personal delivery were made on:

☐ **#4 AUTHORIZED AGENT**
By delivering thereat a true copy of each personally to , which person is the thereof, an agent duly authorized to accept service on behalf thereof.

☒ **#5 MAILING**
On **March 1, 2024**, service was completed by mailing a true copy of above document(s) to the above address in a first-class, postpaid, properly addressed envelope marked "Personal and Confidential" , from a depository under the exclusive care and custody of the United States Post Office in the State of New York, or, if not served in New York State, within the State in which the service occurred.

☐ An additional mailing was completed to the address above by certified mail. Certified mailing #

☒ **#6 APPROXIMATE DESCRIPTION**
**Sex**: Female **Skin/Race**: White **Color of hair**: Lt. Brown **Age**: 33
**Height**: 5/8 **Weight**: 200-210 **Other Features**:

☒ **#7 MILITARY SERVICE**: Upon information and belief, subject is not active in the U.S. Military Service in any capacity. No specific active military information was provided by recipient when questioned during service, and/or non-military status was confirmed through records of the U.S. Dept. Of Defense or otherwise known to and/or verified by me, and I received no indication during completion of this service that subject is active military.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of $

☐ **#9 OTHER**

Sworn to before me on March 4, 2024

*Nicole M. Simmons (Reg. #01SI6180797)*
*Notary Public, State of New York*
*Qualified in Ulster County*
*Commission Expires 01/22/2028*

Suzanne Gordon

*RONDOUT LEGAL SERVICES, INC., PO BOX 4115, KINGSTON, NY 12402 (TEL.: 845-331-6029)*

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

Index No.: EF2024-108

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC..

Defendants.
---------------------------------------------------------------X

**AFFIDAVIT OF KATHLEEN MAGEE**

STATE OF: HAWAII )
)
COUNTY OF: MAUI )

BEFORE ME, the undersigned authority, personally appeared Kathleen Magee who after being duly sworn, depose and states:

1. My name is KATHLEEN MAGEE. I am over the age of 21 and have personal knowledge of all facts averred to in this Affidavit.
2. On or about January 10, 2024, Plaintiff filed a Complaint naming my mother, PATRICIA LOWRY and I as Defendants.
3. Plaintiff filed an Affidavit of Service alleging that the Summons and Verified Complaint were substitute served on my mother and I, on February 29, 2024 at 14 Reynolds Street, Kingston, NY 12401 on Liz Seigel, and a copy was allegedly mailed to the same address.
4. I have resided two hours away at 10 Ocean Parkway, Apt. D4, Brooklyn NY 11218 since November 2021. A copy of my electrical bill is attached hereto as **EXHIBIT A.**
5. I do not regularly conduct business at the 14 Reynolds Street address and rely on an on-call handyman that handles tenant issues for me.

6. Furthermore, my mother, PATRICIA LOWRY is 94 years of age and resides in 1598 Halama St., Kihei, Hawaii, 96753. A copy of her Driver's License is attached hereto as **EXHIBIT B.**

7. My mother assisted me in the purchase of the 14 Reynolds Street property, but otherwise is not involved in conducting business at that address.

8. She has not been to the 14 Reynolds Street address since October 2017 for my daughter's wedding.

9. I left New York City on February 27, 2024 to fly to Hawaii to take care of my 94 year-old mother who has had recent health issues.

10. Therefore, the 14 Reynolds address is neither my mother, PATRICIA LOWRY, nor I's actual place of business, dwelling place, or usual place of abode.

11. I only learned of this lawsuit through my lawyers monitoring the docket.

**FURTHER AFFIANT SAYETH NAUGHT**

Kathleen Magee
KATHLEEN MAGEE

The foregoing instrument was acknowledged before me this 4 day of April, 2024 by KATHLEEN MAGEE, who is _____ personally known to the undersigned or X provided NY Driver License as identification, and he did take an oath.

SEAL MATTHEW ARNOLD NOTARY 14-35 PUBLIC STATE OF HAWAII

Notary Public
Commission Expires: 02/16/2026

MATTHEW ARNOLD NOTARY 14-35 PUBLIC STATE OF HAWAII

Doc. Date: 4/4/24 #Pages: 6
Notary Name: Matthew Arnold Second Circuit
Doc. Description: Affidavit
Notary Name Date 4/4/24
My Commission Expires: February 16, 2026

conEdison

Current balance due **$51.39** | Auto Pay 03/25/24

KATHLEEN MAGEE
Account: [redacted] Prior Account: [redacted]

Service delivered to: 10 OCEAN PKWY APT D4
Next Billing Date: Friday, April 5, 2024

## Your bill breakdown

### Last billing period

**Your billing summary as of Mar 08, 2024**

| | |
|---|---|
| Your previous charges and payments | |
| Total charges from your last bill | $69.89 |
| Payments through Mar 07, thank you | -$69.89 |
| **Balance from previous bill** | **None** |

### Your new charges

Billing period: Feb 06, 2024 to Mar 07, 2024

| | |
|---|---|
| Electricity charges - for 30 days | $51.39 |
| **Total from this billing period** | **$51.39** |
| **Total amount due** | **$51.39** |

Payment is due upon receipt of this bill. To avoid a late payment charge of 1.5%, please pay the total amount due by **Apr 01, 2024.**

## Your average daily electric usage

2.93 kWh




### Messages For You

To save on energy and heating costs with energy efficiency solutions, visit conEd.com/Savings.

We have (917) 698-6123 as your primary phone number and MAGEE.KATHLEEN@GMAIL.COM as your email address. Need to update? Please go to conEd.com or call us.

**YOUR DOLLAR FOR ENERGYSHARE CAN MAKE A DIFFERENCE**
EnergyShare helps eligible residential customers struggling to pay their bills with one-time grants of up to $200. Pay the total amount of this bill and exactly $1.00 more for the EnergyShare fund. Con Edison will match each contribution.

Questions? Contact Us: conEd.com/ContactUs 1-800-752-6633 Or 1-212-243-1900

---

conEdison PO BOX 1702
NEW YORK, NY 10116-1702

**Your Energy Bill**

**Account number:** [redacted]

Auto Pay 03/25/24 **$51.39**

The amount of $51.39 will be automatically deducted from your bank on March 25, 2024.

KATHLEEN MAGEE
KATIE VENEZIA
10 OCEAN PA, 4D
BROOKLYN NY 11218

**Auto Pay**
**Do not mail a payment**

C97

0020 30712360004 10000005139 10000005139

0008768

# EXHIBIT A

## Your electricity breakdown *Rate: EL1 Residential or Religious*

**Electric Meter Detail - billing period from February 6, 2024 to March 7, 2024 (30 days)**

| Meter # | New Read | Read Type | Date | Prior Read | Read Type | Date | Read Diff | Total Usage kWh |
|---|---|---|---|---|---|---|---|---|
| 005794545 | 12202 | Actual | Mar 07 | 12114 | Actual | Feb 06 | 88 | 88 |

### Your Supply Charges

| | |
|---|---|
| Supply 88.00 kWh @11.489¢/kWh | $10.11 |
| Merchant Function Charge | $0.36 |
| GRT & other tax surcharges | $0.25 |
| Sales tax @4.5% | $0.48 |
| **Total electricity supply charges** | **$11.20** |

*Your total electricity supply cost for this bill is 12.18¢ per kWh. You can compare this price with those offered by energy services companies (ESCOs). For a list of ESCOs, visit PowerYourWay.com or call 1-800-780-2884.*

### Your Delivery Charges

| | |
|---|---|
| Basic service charge | $20.28 |
| Delivery 88.00 kWh @17.943¢/kWh | $15.79 |
| System Benefit Charge @0.671¢/kWh | $0.59 |
| GRT & other tax surcharges | $1.80 |
| Sales tax @4.5% | $1.73 |
| **Total electricity delivery charges** | **$40.19** |

**Your electricity total $51.39**

### Understanding your bill

**Basic Service Charge:** A charge for basic system infrastructure and customer-related services, including customer accounting, and metering services. A billing and payment processing charge of $1.28, which may be avoided by switching to an energy services company (ESCO), is also included.
**Delivery:** Charge for maintaining the system through which Con Edison delivers electricity to you.
**Electricity Supply:** Charge for the electricity supplied to you.
**Energy Delivery:** Additional Delivery Charges and Adjustments. For more information, visit conEd.com/rates.
**GRT & other tax surcharges:** Taxes on Con Edison gross receipts from sales of utility services and other tax surcharges.
**Merchant Function Charge:** A charge that recovers costs associated with procuring electricity, procuring and storing natural gas, conducting credit and collections activities, and managing uncollectible accounts.
**New Read:** Monthly meter readings are no longer used for billing purposes. Instead, we use the data provided by your smart meter(s), which improve accuracy by recording your energy use in 15-minute intervals. Your New Read is provided for illustrative purposes only.
**Prior Read:** Your prior meter reading was calculated when your last bill was issued.
**Reading Difference:** The reading difference is the result of subtracting your prior meter reading from your new meter reading. Please note: the New Read and Prior Read values shown on your bill have been rounded and/or truncated. Calculating the Read Diff yourself may result in a different value than the one shown here.
**Reading Type:** You will see the word "Estimated" here if your smart meter was unable to communicate your energy use during the billing period. Otherwise, your reading type will be "Actual".
**Sales tax:** Tax collected on behalf of New York State and/or your locality.
**System Benefits Charge:** A charge that recovers costs associated with energy-efficiency and renewable-energy programs implemented by the Company and the New York State Energy Research and Development Authority (NYSERDA).
**Total Usage (kWh):** Your total usage is the sum of the 15-minute interval data recorded by your smart meter(s) during the billing period. This is used to calculate the energy-delivery and energy-supply charges on your bill.

ⓘ **How to get in touch with us** **Email or chat:** conEd.com/ContactUs **Phone:** 1-800-752-6633 **Mail:** Con Edison, PO Box 138, New York, NY 10276-0138

### Ways to pay your bill

1. **Auto Pay:** Pay your bill automatically from your checking or savings account at no charge. Enroll at conEd.com/MyAccount or call 1-212-243-1900.
2. **Online:** Pay at conEd.com/MyAccount using your bank account, credit card or debit card at no cost.
3. **App:** Download the Con Edison app from the App Store or Google Play Store.
4. **Phone:** Pay by phone at 1-888-925-5016 using your bank account, credit card or debit card at no cost.
5. **In Person:** Our walk-in centers are open Monday through Friday from 8:30 a.m. to 5:00 p.m.
   **Bronx:** 1775 Grand Concourse
   **Brooklyn:** 345 Jay Street
   **Manhattan:** 122 East 124th Street
   **Queens:** 89-67 162nd Street
   **Staten Island:** 1140 Richmond Terrace
   **Westchester:** 1 Bogopa Plaza
   * If your payment stub is labeled "CASH ONLY" please pay in person or with a credit card at 1 888-925-5016.
6. **Mail:** Send a check or money order, payable to Con Edison, using the envelope provided to authorize us to make a one-time electronic fund transfer from your account or to process the payment as a check. You will not get the check back. Do not send cash.
   Con Edison
   PO Box 1702
   New York, NY 10116-1702

**Save a stamp. Pay your bill online at ConEd.com/MyAccount**

**Go Paperless!**
**Scan the QR Code with your smart device or visit conEd.com/MyAccount to enroll in eBill**

**Questions?** Call toll free 1-800-75-CONED (1-800-752-6633)


In case of emergency notify:
MAGEE,KATHLEEN
DAUGHTER
1598 HALAMA ST
KIHEI, HI 96753
(917)698-6123


Hawaii
Identification Card
USA
4a. Iss: 04/02/2024
4d. [redacted]
4-11
17. Wt: 120
18. Eye: BRO
15. Gender F
8. 1598 HALAMA ST
KIHEI, HI 96753

**EXHIBIT B**


3. DOB: 02/28/1930
12. RESTRICTIONS
Corrective Lenses Must be Worn
Outside Mirror
9a. ENDORSEMENTS
9. CLASS
3 - PASSENGER VEHICLES OF ANY GVWR. BUSES DESIGNED
TO TRANSPORT FIFTEEN OR FEWER OCCUPANTS.
TRUCKS AND VANS W/18,000 LBS GVWR OR LESS
23174412
20210301_053001_2_503


Hawaii
DRIVER LICENSE
USA
02/23/2021
[redacted]
4b. Exp: 02/28/2023
3. DOB: 02/[redacted]1930
5. 20210223145000YGA101288-2
16. Hgt: 5-01
17. Wt: 128
18. Eye: BRO
15. Gender: F
9. Cl: 3
9a. En: NONE
12. Re: BF
1. LOWRY
2. PATRICIA
RUANE
8. 1598 HALAMA ST
KIHEI, HI 96753
AHCD

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**PATRICIA LOWRY'S VERIFIED ANSWER**

Defendant **PATRICIA LOWRY** ("Defendant Lowry") by and through her attorneys, DERREVERE STEVENS BLACK & COZAD, as and for her Verified Answer to Plaintiff's Verified Complaint, upon information and belief, respond as follows:

**FIRST**: Defendant Lowry admits the allegations contained in paragraphs "11", "12", "13", and "14" of Plaintiff's Verified Complaint.

**SECOND**: Defendant Lowry denies the allegations contained in paragraphs "2", "3", "15", "16", "17", "18", "19", "21", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "38", "39", "40", and "41" of Plaintiff's Verified Complaint.

**THIRD**: Defendant Lowry denies the allegations contained in paragraphs "6", "7", "8", "20", of Plaintiff's Verified Complaint except admits that a portion of the building and premises located at 14 Reynolds Street, City of Kingston, County of Ulster, in the State of New York was leased.

**FOURTH**: Defendant Lowry denies the allegations contained in paragraph "22" of Plaintiff's Verified Complaint to the extent the allegations are directed towards Defendant Lowry.

**FIFTH**: Defendant Lowry denies having sufficient knowledge or information to form a belief as to truth or falsity of the allegations contained in paragraphs "1", "4", "5", and "10", of Plaintiff's Verified Complaint.

**SIXTH**: Defendant Lowry denies having sufficient knowledge or information to form a belief as to truth or falsity of the allegations contained in paragraphs "9" and "37" of Plaintiff's Verified Complaint, and Defendant begs leave to refer all questions of law within these allegations to the Court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Pursuant to CPLR Article 16, the liability of Defendants to the plaintiff herein for non-economic loss is limited to Owner's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

The defendant(s) not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, lack of duty

owed to plaintiff and plaintiff's subrogors, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Plaintiff(s) have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiff(s) shall be reduced in accordance with the provisions of CPLR § 4545(c).

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the Complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

That the lawsuit herein was not commenced by the plaintiff(s) within the time prescribed by the applicable contract(s), and the plaintiff(s), therefore, is barred from maintaining this action and recovery.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate damages.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Each and every claim alleged herein is barred because there is not sufficient privity between the plaintiff(s) and defendant(s).

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Defendants exercised reasonable care to keep the premises in a reasonably safe condition for the protection of all persons, including Plaintiff.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

That the lawsuit herein was not commenced by the plaintiff(s) within the time prescribed by law, and the plaintiff(s), therefore, is barred from maintaining this action and recovery.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiff(s) Complaint should be dismissed since the claims against the defendant(s) is/are frivolous; and costs and attorney's fees should be awarded to defendant(s) pursuant to CPLR §8303-a.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Defendants did not have actual or constructive notice of, or sufficient time to inspect or remedy the alleged conditions that caused Plaintiff to fall.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff(s) claims are barred to the extent that they destroyed evidence necessary for the fair defense of the claims asserted.

**WHEREFORE**, Defendant Lowry respectfully request judgment in their favor, together with an award to Defendant Lowry of attorneys' fees, the costs of this suit, and such other relief as this Court may order.

Dated: May 21, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:____________________________
JAMES F. GALLAGHER, ESQ.

*Attorneys for Defendants PATRICIA LOWRY and KATHLEEN MAGEE*
270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
ksc@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

**ATTORNEY'S VERIFICATION**

JAMES F. GALLAGHER, an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under penalties of perjury:

I am an Attorney with the law firm of DERREVERE STEVENS BLACK & COZAD, attorneys for Defendant, PATRICIA LOWRY, in the above-entitled action.

I have read the foregoing Answer and Affirmative Defenses and I know the contents thereof; it is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The source of my information and the grounds of my belief are statements, letters, emails and other documentation maintained in affirmant's file relative to the matters referred to in the annexed Answer.

The reason I make this verification instead of Defendants, is that Defendants are not presently within the county where affirmant maintains his offices.

I affirm that the above is true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

Dated: May 21, 2024
New York, New York

JAMES F. GALLAGHER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**KATHLEEN MAGEE'S VERIFIED ANSWER**

Defendant **KATHLEEN MAGEE** ("Defendant Magee"), by and through her attorneys, DERREVERE STEVENS BLACK & COZAD, as and for her Verified Answer to Plaintiff's Verified Complaint, upon information and belief, respond as follows:

**FIRST**: Defendant Magee admits the allegations contained in paragraphs "11", "12", "13", and "14" of Plaintiff's Verified Complaint.

**SECOND**: Defendant Magee denies the allegations contained in paragraphs "2", "3", "15", "16", "17", "18", "19", "21", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "38", "39", "40", and "41" of Plaintiff's Verified Complaint.

**THIRD**: Defendant Magee denies the allegations contained in paragraphs "6", "7", "8", "20", of Plaintiff's Verified Complaint except admits that Defendant Magee leased and/or rented a portion of the building and premises located at 14 Reynolds Street, City of Kingston, County of Ulster, in the State of New York.

**FOURTH**: Defendant Magee denies the allegations contained in paragraph "22" of Plaintiff's Verified Complaint except admits that Defendant Magee occasionally managed the premises.

**FIFTH**: Defendant Magee denies having sufficient knowledge or information to form a belief as to truth or falsity of the allegations contained in paragraphs "1", "4", "5", and "10", of Plaintiff's Verified Complaint.

**SIXTH**: Defendant Magee denies having sufficient knowledge or information to form a belief as to truth or falsity of the allegations contained in paragraphs "9" and "37" of Plaintiff's Verified Complaint, and Defendant begs leave to refer all questions of law within these allegations to the Court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Pursuant to CPLR Article 16, the liability of Defendants to the plaintiff herein for non-economic loss is limited to Owner's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

The defendant(s) not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, lack of duty

owed to plaintiff and plaintiff's subrogors, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Plaintiff(s) have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiff(s) shall be reduced in accordance with the provisions of CPLR § 4545(c).

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the Complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

That the lawsuit herein was not commenced by the plaintiff(s) within the time prescribed by the applicable contract(s), and the plaintiff(s), therefore, is barred from maintaining this action and recovery.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate damages.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Each and every claim alleged herein is barred because there is not sufficient privity between the plaintiff(s) and defendant(s).

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Defendants exercised reasonable care to keep the premises in a reasonably safe condition for the protection of all persons, including Plaintiff.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

That the lawsuit herein was not commenced by the plaintiff(s) within the time prescribed by law, and the plaintiff(s), therefore, is barred from maintaining this action and recovery.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiff(s) Complaint should be dismissed since the claims against the defendant(s) is/are frivolous; and costs and attorney's fees should be awarded to defendant(s) pursuant to CPLR §8303-a.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Defendants did not have actual or constructive notice of, or sufficient time to inspect or remedy the alleged conditions that caused Plaintiff to fall.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff(s) claims are barred to the extent that they destroyed evidence necessary for the fair defense of the claims asserted.

**WHEREFORE**, Defendant Magee respectfully request judgment in their favor, together with an award to Defendant Magee of attorneys' fees, the costs of this suit, and such other relief as this Court may order.

Dated: May 21, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:______________________________
JAMES F. GALLAGHER, ESQ.
*Attorneys for Defendants PATRICIA LOWRY and KATHLEEN MAGEE*

270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
ksc@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

**ATTORNEY'S VERIFICATION**

JAMES F. GALLAGHER, an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under penalties of perjury:

I am an Attorney with the law firm of DERREVERE STEVENS BLACK & COZAD, attorneys for Defendant, KATHLEEN MAGEE, in the above-entitled action.

I have read the foregoing Answer and Affirmative Defenses and I know the contents thereof; it is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The source of my information and the grounds of my belief are statements, letters, emails and other documentation maintained in affirmant's file relative to the matters referred to in the annexed Answer.

The reason I make this verification instead of Defendants, is that Defendants are not presently within the county where affirmant maintains his offices.

I affirm that the above is true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

Dated: May 21, 2024
New York, New York

JAMES F. GALLAGHER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**DEMAND FOR A VERIFIED BILL OF PARTICULARS**

**PLEASE TAKE NOTICE**, that pursuant to Rules 3041-3044 of the Civil Practice Law and Rules, the Plaintiff is hereby required to serve a Verified Bill of Particulars upon the undersigned within thirty (30) days after receipt of this demand setting forth the following:

1. Plaintiff's address and residence pursuant to Rule 3118 of the Civil Practice Law and Rules.

2. The date and approximate time of day of the occurrence (hereinafter "Occurrence") alleged in Plaintiff's Verified Complaint which is alleged to have caused Plaintiff's injuries and/or damages.

3. The specific location of the happening of the Occurrence in sufficient detail to permit accurate identification.

4. A statement of the acts and/or omissions to act of Defendant which constitute Plaintiff's claims of negligence, recklessness, and/or carelessness.

5. A statement identifying the path travelled by Plaintiff before the Occurrence to the condition alleged to have caused Plaintiff's injuries and/or damages which identifies the distance (feet) and direction travelled in relation to fixed objects.

6. State whether the Plaintiff consumed any alcoholic beverages within twelve (12) hours prior to the Occurrence described in the Verified Complaint. If Plaintiff consumed alcoholic beverages within that period, state the alcoholic beverages consumed and the amount of such consumption.

7. State whether Plaintiff took and/or failed to take prescribed and/or over-the-counter medication prescribed pursuant to a doctor's orders within twenty-four (24) hours prior to the occurrence described in the Verified Complaint and, if so:

a) identify the medication;

b) state the purpose for which the medication was prescribed;

c) state when the medication was last taken prior to the occurrence; and

d) state the name and address of the doctor(s) who prescribed said medication.

8. A statement identifying Plaintiff's injuries and a description of those injuries claimed to be permanent.

9. A statement identifying the length of time Plaintiff was confined to bed and/or residence and state the dates of confinement.

10. A statement identifying the length of time Plaintiff was confined to a hospital(s) and the name of the hospital(s) and dates of admission and discharge.

11. A statement identifying Plaintiff's occupation at the time of the Occurrence and Plaintiff's average daily, weekly, and/or monthly earnings.

12. A statement identifying the name of Plaintiff's employer at the time of the Occurrence and the length of time Plaintiff was incapacitated from such employment due to the Occurrence.

13. A statement identifying the length of time Plaintiff was totally and/or partially disabled due to the Occurrence and state the length of time of any partial disablement.

14. A statement identifying Plaintiff's date of birth.

15. A statement identifying Plaintiff's Social Security Number.

16. A statement identifying Plaintiff's the total amounts claimed by Plaintiff as special damages for:

a) Physicians' services;

b) Medical supplies;

c) Loss of earnings:

d) X-rays;

e) Hospital expenses;

f) Nurses' services; and

g) All other times of special damage.

17. If loss of services is alleged, a statement identifying how long and between what dates such loss of services will be claimed.

18. A statement identifying by Chapter, Article, Section, and Paragraph, each and every statute, ordinance, and/or rule, if any, which it is claimed Defendant violated.

19. A statement identifying whether actual and/or constructive notice is claimed on the part of Defendant concerning Plaintiff's claims of negligence, recklessness, and/or carelessness in the Verified Complaint, and

a) if actual notice is claimed, state when, where, and by whom and to whom, said notice was given;

b) if constructive notice is claimed, state the facts Plaintiff will claim that constitute such constructive notice and state how long the alleged condition will be claimed to have existed prior to the alleged occurrence.

**PLEASE TAKE FURTHER NOTICE** that if original documents are required to be served to comply with this demand, the documents are to be delivered to undersigned counsel's discovery response document repository located at:

DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411

**PLEASE TAKE FURTHER NOTICE** that in the event Plaintiff fails to comply with the foregoing demand within the time prescribed, Defendant will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand and must be supplemented whenever the responses to any of the demands have changed.

**PLEASE TAKE FURTHER NOTICE** that Defendant will object at the trial of this action to any evidence or testimony sought to be introduced at a trial of this action that contradicts any of the responses given in response to these demands.

Dated: July 5, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:_______________________________
JAMES F. GALLAGHER, ESQ.
270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
ksc@derreverelaw.com
nynjservice@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**DEMAND FOR DISCOVERY & INSPECTION**

**PLEASE TAKE NOTICE,** that pursuant to applicable rules of the CPLR, you are hereby required to produce within thirty (30) days from service hereof the following for discovery, inspection, and copying via NYSCEF and/or e-mail to counsel for the undersigned, and/or by U.S. Mail (if original documents are necessitated) to undersigned counsel's discovery response document repository located at 2005 Vista Parkway, Suite 210, West Palm Beach, FL 33411:

1. The names, addresses, and phone numbers of all witnesses to any of the events and circumstances alleged in the Verified Complaint.

2. All statements in writing and/or electronic form by and/or on behalf of Defendant concerning the occurrence (hereinafter "Occurrence") alleged in the Verified Complaint.

3. Copies of all photographs depicting the condition (and its characteristics) (hereinafter "Condition") alleged by Plaintiff to have caused the Occurrence and Plaintiff's injuries and/or damages as the condition existed at the time of the Occurrence.

4. Copies of all photographs (in digital form if available) which depict the scene of Occurrence, the Condition, and Plaintiff's alleged injuries.

5. Copies of all photographs (in digital form if available) Plaintiff intends to use at a trial of this action which depict the scene of Occurrence, the Condition, and/or Plaintiff's alleged injuries.

6. Copies of all prior pleadings served by and upon Plaintiff in this litigation that

were not addressed to Defendant.

7. Copies of all police department, fire department, and/or ambulance call reports relevant to matters alleged in the Verified Complaint.

8. Pursuant to CPLR 3101(d)(1)(i), identify each person whom the Plaintiff expects to call as an expert witness at the trial of this action and disclose in reasonable detail the subject matter on which each such expert is expected to testify, the substance of the facts and opinions on which each such expert is expected to testify, the qualifications of each such expert witness and a summary of the grounds for each expert's opinion.

9. Pursuant to CPLR 3101(a), set forth in writing and under oath, the name and address of each person claimed by any party you represent, to be a witness to any of the following:

   a. The Occurrence;
   b. The Condition;
   c. Any acts, omissions to act, and/or or conditions which allegedly caused the Occurrence;
   d. Any actual notice given to the Defendant or any employee of Defendant of any condition which allegedly caused the Occurrence; and
   e. The nature and duration of any condition which allegedly caused the Occurrence.

   If no such witness(es) are known to Plaintiff, so state in a sworn reply to this Demand. The undersigned will object upon trial to the testimony of any witness(es) not so identified.

**PLEASE TAKE FURTHER NOTICE** that if original documents are required to be served to comply with this demand, the documents are to be delivered to undersigned counsel's discovery response document repository located at:

DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411

**PLEASE TAKE FURTHER NOTICE** that in the event Plaintiff fails to comply with the foregoing demand within the time prescribed, Defendant will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand and must be supplemented whenever the responses to any of the demands have changed.

**PLEASE TAKE FURTHER NOTICE** that Defendant will object at the trial of this action to any evidence or testimony sought to be introduced at a trial of this action that contradicts any of the responses given in response to these demands.

Dated: July 5, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:____________________________
JAMES F. GALLAGHER, ESQ.
270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
nynjservice@derreverelaw.com
ksc@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**DEMAND FOR MEDICAL INFORMATION**

**PLEASE TAKE NOTICE** that pursuant to 22 NYCRR Section 202.17, copies of all medical and hospital records and reports, MRI's, CT Scans, X-rays, and all other technicians' reports with respect to Plaintiff's alleged injuries, previous and subsequent treatments, examinations and medical history must be served upon the undersigned thirty (30) days from the date of service of this demand.

**PLEASE TAKE FURTHER NOTICE** that duly executed and acknowledged authorizations permitting undersigned counsel to obtain and make copies of all hospital records, physician reports, and related records and reports, including X-rays, MRI's, CT Scans and technicians' report with respect to Plaintiff's alleged injuries, previous and subsequent treatments, examinations and medical history must be served upon the undersigned thirty (30) days from the date of service of this demand.

**PLEASE TAKE FURTHER NOTICE** that the HIPAA authorizations demanded are to be delivered to undersigned counsel's discovery response document repository located at:

DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand and must be supplemented whenever the responses to any of the demands have changed.

**PLEASE TAKE FURTHER NOTICE** that in the event Plaintiff fails to comply with the foregoing demand within thirty (30) days, Defendant will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

**PLEASE TAKE FURTHER NOTICE** that Defendant will object at the trial of this action to any evidence or testimony sought to be introduced at a trial of this action that contradicts any of the responses given in response to these demands.

Dated: July 5, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:______________________________

JAMES F. GALLAGHER, ESQ.
270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
ksc@derreverelaw.com
nynjservice@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**DEMAND FOR ACCIDENT REPORTS**

**PLEASE TAKE NOTICE** that pursuant to Section 3101(g) of the Civil Practice Law and Rules, Defendant demands that the Plaintiff serves upon the undersigned within twenty (20) days, the following:

1. Copies of all accident and investigative reports prepared in the regular course of your business operations and/or practices which relate to Plaintiff's allegations.

2. Copies of all accident and investigative reports prepared for, on behalf of, and/or in your possession or subject to your control which relate to Plaintiff's allegations.

**PLEASE TAKE FURTHER NOTICE** that if original documents are required to be served to comply with this demand, the documents are to be delivered to undersigned counsel's discovery response document repository located at:

DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411

**PLEASE TAKE FURTHER NOTICE** that in the event Plaintiff fails to comply with the foregoing demand within the time prescribed, Defendant will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand and must be supplemented whenever the responses to any of the demands have changed.

**PLEASE TAKE FURTHER NOTICE** that Defendant will object at the trial of this action to any evidence or testimony sought to be introduced at a trial of this action that contradicts any of the responses given in response to these demands.

Dated: July 5, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:______________________________

JAMES F. GALLAGHER, ESQ.
270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
ksc@derreverelaw.com
nynjservice@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**DEMAND PURSUANT TO CPLR SECTION 3101(a) and 4545(c)**

**PLEASE TAKE NOTICE** that pursuant to CPLR Sections 3101(a) and 4545(c), Defendant demands that Plaintiff serve the following upon undersigned counsel within twenty (20) days:

1. A verified statement indicating whether Plaintiff is seeking to recover, in the instant lawsuit, the costs of the following:

(a) medical care,

(b) dental care,

(c) custodial care,

(d) rehabilitative services,

(e) loss of earnings,

(f) other economic loss.

2. If Plaintiff's response to any subdivisions contained in Paragraph "1" herein is affirmative, state for each subdivision:

(a) the amount of the costs incurred to date;

(b) the estimated future costs or expenses; and

(c) whether said costs or expenses have been or will be replaced, paid, or indemnified, in whole or in part, from any collateral source including, but not limited to, insurance, social security, worker's compensation, or employee benefit programs.

3. If your response to Paragraph "2" subdivision (c) herein is affirmative, provide:

(a) the identity, name, and address of the providers of such benefits, replacement or indemnification and the policy, file or claim number under which such benefits are obtained;

(b) an itemized statement indicating the amount of each cost identified in Paragraph "1" subdivisions (a) through (f) herein which was replaced, paid, or indemnified by each such provider;

(c) an itemized statement detailing the nature and amount of premiums paid by you for the benefit of each collateral source payment for the two-year period immediately preceding the actual accrual of this action and the projected future cost of maintaining such benefits;

(d) the name and address of each collateral source which Plaintiff claims is entitled by law to liens against any recovery by Plaintiff;

(e) the amount of benefits Plaintiff will receive in the future from each such collateral source pursuant to contract or otherwise enforceable agreement subject only to the continued payment of a premium and such other financial obligations as may be required by such agreement.

4. Duly executed original authorizations, properly executed and bearing the full name, address, file or identification number of the entity to whom it is addressed permitting the undersigned to inspect and copy records and files maintained by each collateral source identified in response to the foregoing demand.

**PLEASE TAKE FURTHER NOTICE** that if original documents are required to be served to comply with this demand, the documents are to be delivered to undersigned counsel's discovery response document repository located at:

DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411

**PLEASE TAKE FURTHER NOTICE** that in the event Plaintiff fails to comply with the foregoing demand within the time prescribed, Defendant will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand and must be supplemented whenever the responses to any of the demands have changed.

**PLEASE TAKE FURTHER NOTICE** that Defendant will object at the trial of this action to any evidence or testimony sought to be introduced at a trial of this action that contradicts any of the responses given in response to these demands.

Dated: July 5, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:______________________________

JAMES F. GALLAGHER, ESQ.
270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
ksc@derreverelaw.com
nynjservice@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**CPLR § 3017(c) SUPPLEMENTAL DEMAND FOR RELIEF**

**PLEASE TAKE NOTICE,** that pursuant to CPLR § 3017(c), Defendant requests that within fifteen (15) days of the date of this demand, Plaintiff serve a supplemental demand for relief setting forth the total damages to which Plaintiff deems entitlement.

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand and must be supplemented whenever the response to any aspect of this demand has changed.

**PLEASE TAKE FURTHER NOTICE**, that in the event Plaintiff fails to comply with the foregoing demand within fifteen (15) days, Defendant will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

**PLEASE TAKE FURTHER NOTICE** that Defendant will object at the trial of this action to any evidence or testimony sought to be introduced at a trial of this action that contradicts any of the responses given in response to this demand.

Dated: July 5, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:______________________________

JAMES F. GALLAGHER, ESQ.
270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
nynjservice@derreverelaw.com
ksc@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
----------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
----------------------------------------------------------------X

Index No.: EF2024-108

**NOTICE OF INTENTION TO SPEAK WITH TREATING PHYSICIANS**

**PLEASE TAKE NOTICE** that Defendant, pursuant to Arons v. Jutkowitz, 9 N.Y.3d 393, as well as New York case law and relevant HIPAA requirements, hereby intends to speak with Plaintiff's treating physicians once the Note of Issue is filed. The discussions will be used solely for the purposes of this litigation.

**PLEASE TAKE FURTHER NOTICE** that Defendant demands HIPAA authorizations for use to speak with Plaintiff's treating physicians based on this notice.

**PLEASE TAKE FURTHER NOTICE** that the HIPAA authorizations demanded are to be delivered to undersigned counsel's discovery response document repository located at:

DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand and must be supplemented whenever the responses to any of the demands have changed.

**PLEASE TAKE FURTHER NOTICE** that Defendant will object at the trial of this action to any evidence or testimony sought to be introduced at a trial of this action that contradicts any of the responses given in response to these demands.

Dated: July 5, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:______________________________

JAMES F. GALLAGHER, ESQ.
270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
nynjservice@derreverelaw.com
ksc@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**DEMAND FOR RECORDS AND AUTHORIZATIONS**

**PLEASE TAKE NOTICE,** that pursuant to applicable rules of the CPLR, you are hereby required to produce within thirty (30) days from service hereof the following for discovery, inspection, and copying via NYSCEF and/or e-mail to counsel for the undersigned, and/or by U.S. Mail (if original documents are necessitated) to undersigned counsel's discovery response document repository located at 2005 Vista Parkway, Suite 210, West Palm Beach, FL 33411:

1. Duly executed, fully addressed, HIPAA compliant authorizations for all medical and hospital records from all physicians and facilities that treated and examined Plaintiff for his claimed injuries. The authorizations to be supplied shall include all treatment and examination records **pre-dating and post-dating the alleged occurrence** which relate to the body parts and systems alleged to have been injured.

2. Copies of all medical reports and records relating to the examination and treatment of Plaintiff for Plaintiff's alleged injuries, including all treatment and examination records **pre-dating and post-dating the alleged occurrence** which relate to the body parts and systems alleged to have been injured.

3. Copies of all medical records and reports set forth in 22 NYCRR § 202.17.

4. Copies of state and federal income tax returns for the three (3) years preceding the alleged occurrence through the present, if Plaintiff's lost earnings or income derived from self-employment, and authorizations on appropriate forms, along with two (2) pieces of identification containing Plaintiff's photograph, permitting Defendant to obtain Plaintiff's state and federal income tax records.

5. Duly executed, fully addressed, HIPAA compliant authorizations for the release of

Case 1:25-cv-00050-AJB-DJS Document 1-1 Filed 01/10/25 Page 82 of 105

the Ambulance Call Report.

6. Duly executed, fully addressed, HIPAA compliant authorizations for the release of Plaintiff's collateral source provider including, but not limited to, Plaintiff's private health insurance carrier.

7. Authorization for the release of Plaintiff's employment records (wage, attendance, and personnel files) for the three (3) year period preceding the date of the alleged occurrence to the present.

8. If Plaintiff received Workers' Compensation benefits, provide HIPAA-compliant authorizations to obtain Plaintiff's records from the insurance carrier that provided the Workers' Compensation benefits, as well as an authorization to obtain records from the Workers' Compensation Board.

9. If Plaintiff received disability benefits, provide HIPAA-compliant authorizations to obtain Plaintiff's records from the entity or agency that provided Plaintiff with the benefits.

**PLEASE TAKE FURTHER NOTICE** that if original documents are required to be served to comply with this demand, the documents are to be delivered to undersigned counsel's discovery response document repository located at:

DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411

**PLEASE TAKE FURTHER NOTICE** that in the event Plaintiff fails to comply with the foregoing demand within the time prescribed, Defendant will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand and must be supplemented whenever the responses to any of the demands have changed.

**PLEASE TAKE FURTHER NOTICE** that Defendant will object at the trial of this action to any evidence or testimony sought to be introduced at a trial of this action that contradicts any of the responses given in response to these demands.

Dated: July 5, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:______________________________

JAMES F. GALLAGHER, ESQ.
270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
nynjservice@derreverelaw.com
ksc@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**NOTICE OF INTENT TO CONDUCT MENTAL/PHYSICAL/VOCATIONAL EXAM**

**PLEASE TAKE NOTICE** that pursuant to Section 3121(a) of the CPLR, the undersigned intends to conduct physical, psychological, and/or vocational examinations of Plaintiff for each and every physical and mental condition, impairment, and/or limitation at issue; said examination(s) will be conducted by physicians chosen by the undersigned at said physicians' offices on dates mutually agreeable to the parties hereto prior to the above-captioned action being placed on the trial calendar of the Court.

**PLEASE TAKE FURTHER NOTICE** that Defendant hereby objects to this action being placed on the trial calendar of the Court prior to the completion of all physical and/or psychological examinations of Plaintiff, absent an explicit waiver by Defendant of Plaintiff's obligation to attend.

**PLEASE TAKE FURTHER NOTICE** that Defendant will object at the trial of this action to any evidence or testimony sought to be introduced at a trial of this action that contradicts any of the responses given in response to these demands.

Dated: July 5, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:______________________________

JAMES F. GALLAGHER, ESQ.
270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
nynjservice@derreverelaw.com
ksc@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**DEMAND FOR INFORMATION PURSUANT TO C.P.L.R. SECTION 306-a**

**PLEASE TAKE NOTICE** that pursuant to Section 306(a) of the Civil Practice Law and Rules, Plaintiff is hereby required to provide confirmation to undersigned counsel that the Summons with proof of service upon Defendant has been filed with the Clerk of the within Court and an identification of the index number which has been assigned by said Clerk.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Section 306-a(c) of the Civil Practice Law and Rules upon your failure to comply herewith within twenty (20) days hereof, an application shall be made to the Court for an Order requiring the Plaintiff to file such Summons with proof of service together with the costs and attorneys' fees incurred in making such application.

**PLEASE TAKE FURTHER NOTICE** that if original documents are required to be served to comply with this demand, the documents are to be delivered to undersigned counsel's discovery response document repository located at:

DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411

**PLEASE TAKE FURTHER NOTICE** that in the event Plaintiff fails to comply with the foregoing demand within the time prescribed, Defendant will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand and must be supplemented whenever the responses to any of the demands have changed.

**PLEASE TAKE FURTHER NOTICE** that Defendant will object at the trial of this action to any evidence or testimony sought to be introduced at a trial of this action that contradicts any of the responses given in response to these demands.

Dated: July 5, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD



BY:______________________________

JAMES F. GALLAGHER, ESQ.
270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
nynjservice@derreverelaw.com
ksc@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**DEMAND FOR WITNESS INFORMATION**

**PLEASE TAKE NOTICE** that pursuant to Section 3101(a) of the Civil Practice Law and Rules, Defendant demands that the Plaintiff serves upon the undersigned within twenty (20) days, the following:

1. The names and addresses of all of the following:

   a) All eyewitnesses to the occurrence (hereinafter "Occurrence") alleged by Plaintiff;

   b) All eyewitnesses to the circumstances which preceded and/or led to the Occurrence;

   c) All eyewitnesses to the condition or circumstances of the place where the Occurrence happened immediately before and/or after the Occurrence;

2. The names and addresses of all witnesses whom Plaintiff intends to call at trial to prove:

   a) the liability of Defendant;

   b) Plaintiff's injuries and damages; and

   c) any medical treatment rendered to Plaintiff.

**PLEASE TAKE FURTHER NOTICE** that if original documents are required to be served to comply with this demand, the documents are to be delivered to undersigned counsel's discovery response document repository located at:

DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411

**PLEASE TAKE FURTHER NOTICE** that in the event Plaintiff fails to comply with the foregoing demand within the time prescribed, Defendant will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand and must be supplemented whenever the responses to any of the demands have changed.

**PLEASE TAKE FURTHER NOTICE** that Defendant will object at the trial of this action to any evidence or testimony sought to be introduced at a trial of this action that contradicts any of the responses given in response to these demands.

Dated: July 5, 2024
New York, New York

DERREVERE STEVENS BLACK & COZAD

BY:______________________________
JAMES F. GALLAGHER, ESQ.
270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
ksc@derreverelaw.com
nynjservice@derreverelaw.com

TO: **VIA ECF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE**, that upon the annexed affirmation of James F. Gallagher, Esq., dated the 5th day of July, 2024, together with the exhibits annexed thereto and upon all prior pleadings and proceedings heretofore had herein, the Defendants PATRICIA LOWRY and KATHLEEN MAGEE, will move this Court before the Honorable Justice presiding of the Supreme Court of the State of New York, for the County of Ulster, at the Courthouse located at 285 Wall Street, Kingston, New York, on the 5th day of August, 2024, at 9:30 a.m, or as soon thereafter as counsel can be heard, for an Order:

(1) Defendants PATRICIA LOWRY and Defendant KATHLEEN MAGEE respectfully request that their motion to quash service of the Summons and Complaint be granted in its entirety, and that an order be issued which grants this relief; and

(2) for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR §2214(b), answering affidavits, if any, are required to be served upon the undersigned at least seven (7) days before the return date of this motion.

(SPACE INTENTIONALLY LEFT BLANK)

Dated: July 5, 2024
New York, New York

Respectfully Submitted,

By: ______________________________
James F. Gallagher, Esq.
Derrevere Stevens Black & Cozad
*Attorneys for Defendants*
*Patricia Lowry and Kathleen Magee*
270 Madison Avenue, 8th Floor
New York, New York 10016
Telephone: (212) 671-8314
jfg@derreverelaw.com
ksc@derreverelaw.com

To: **VIA ECF**
John V. Janusas, Esq.
*Attorneys for Plaintiff*
17 North Main Street
Liberty, New York 12754

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 01/01/2024)

Supreme COURT, COUNTY OF Ulster

Index No: EF2024-108 Date Index Issued: 01/11/2024

**For Court Use Only:**
IAS Entry Date
Judge Assigned
RJI Filed Date

**CAPTION** Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

PATRICIA CARAPINA

Plaintiff(s)/Petitioner(s)

-against-

PATRICIA LOWRY, KATHLEEN MAGEE, AIRBNB, INC.

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING: Check only one box and specify where indicated.

### COMMERCIAL
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial *(specify)*: ______

***NOTE:*** *For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the* ***COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)***.

### TORTS
- ☐ Asbestos
- ☐ Environmental *(specify)*: ______
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability *(specify)*: ______
- ☒ Other Negligence *(specify)*: Premises Negligence
- ☐ Other Professional Malpractice *(specify)*: ______
- ☐ Other Tort *(specify)*: ______

### SPECIAL PROCEEDINGS
- ☐ Child-Parent Security Act *(specify)*: ☐ Assisted Reproduction ☐ Surrogacy Agreement
- ☐ CPLR Article 75 - Arbitration [see ***NOTE*** in **COMMERCIAL** section]
- ☐ CPLR Article 78 - Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 - Kendra's Law
- ☐ MHL Article 10 - Sex Offender Confinement *(specify)*: ☐ Initial ☐ Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene *(specify)*: ______
- ☐ Other Special Proceeding *(specify)*: ______

### MATRIMONIAL
- ☐ Contested

***NOTE:*** *If there are children under the age of 18, complete and attach the* ***MATRIMONIAL RJI Addendum (UCS-840M)***.

*For Uncontested Matrimonial actions, use the Uncontested Divorce RJI* ***(UD-13)***.

### REAL PROPERTY
Specify how many properties the application includes: ______
- ☐ Condemnation
- ☐ Mortgage Foreclosure *(specify)*: ☐ Residential ☐ Commercial

Property Address: ______

***NOTE:*** *For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the* ***FORECLOSURE RJI ADDENDUM (UCS-840F)***.

- ☐ Partition

***NOTE:*** *Complete and attach the* ***PARTITION RJI ADDENDUM (UCS-840P)***.

- ☐ Tax Certiorari *(specify)*: Section: ______ Block: ______ Lot: ______
- ☐ Tax Foreclosure
- ☐ Other Real Property *(specify)*: ______

### OTHER MATTERS
- ☐ Certificate of Incorporation/Dissolution [see ***NOTE*** in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other *(specify)*: ______

## STATUS OF ACTION OR PROCEEDING
Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | | |
|---|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: | 01/10/2024 |
| Has a summons and complaint or summons with notice been served? | ☒ | ☐ | If yes, date served: | 02/29/2024 |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: | |

## NATURE OF JUDICIAL INTERVENTION
Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice — Date Issue Joined: ______
- ☒ Notice of Motion — Relief Requested: Dismiss — Return Date: 08/05/2024
- ☐ Notice of Petition — Relief Requested: ______ Return Date: ______
- ☐ Order to Show Cause — Relief Requested: ______ Return Date: ______
- ☐ Other Ex Parte Application — Relief Requested: ______
- ☐ Partition Settlement Conference
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other *(specify)*: ______

**RELATED CASES** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**PARTIES** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance Carriers<br>For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: CARAPINA, PATRICIA<br>Role(s): Plaintiff/Petitioner | JOHN JANUSAS, JOHN V. JANUSAS, 26 COURT ST STE 2511 , BROOKLYN, NY 11242, johnjanusas@gmail.com | ☒ YES ☐ NO | |
| ☐ | Name: LOWRY, PATRICIA<br>Role(s): Defendant/Respondent | JAMES GALLAGHER, Derrevere Stevens Cozad & Black, 270 Madison Avenue 8th Floor, New York, NY 10016, (973) 776-5816, jfg@derreverelaw.com | ☒ YES ☐ NO | |
| ☐ | Name: MAGEE, KATHLEEN<br>Role(s): Defendant/Respondent | JAMES GALLAGHER, Derrevere Stevens Cozad & Black, 270 Madison Avenue 8th Floor, New York, NY 10016, (973) 776-5816, jfg@derreverelaw.com | ☒ YES ☐ NO | Generali US Branch |
| ☒ | Name: AIRBNB, INC.<br>Role(s): Defendant/Respondent | 888 BRANNAN STREET, FLOOR 4, san francisco, ca 94013 | ☐ YES ☒ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 07/05/2024

JAMES F. GALLAGHER
Signature

4121133
Attorney Registration Number

JAMES F. GALLAGHER
Print Name

*This form was generated by NYSCEF*

14.1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ULSTER**
ATTORNEY(S) JOHN V. JANUSAS
17 NORTH MAIN STREET LIBERTY, NY 12754 | PH: (845) 295-4550

Index Number: ef2024-108
Date Filed: 01/10/2024

**PATRICIA CARAPINA**

Plaintiff

*vs*

**PATRICIA LOWRY KATHLEEN MAGEE AND AIRBNB, INC.**

Defendant

## AFFIRMATION OF SERVICE

**Christopher J. Williams**, the undersigned, affirms and states that deponent is not a party to this action, Is over 18 years of age and resides in the State of Hawaii.

That on **04/16/2024**, at **1:15 PM** at **1598 HALAMA STREET , KIHEI, HI 96753**, Deponent served the within **SUMMONS AND VERIFIED COMPLAINT** ,with the index number and the filing date of the action were endorsed upon the face of the papers so served herein. On: **PATRICIA LOWRY** , Defendant therein named, ( hereinafter referred to as "subject").

By delivering a true copy of each to said subject **personally**; Deponent knew the person so served to be the person described in as said subject therein. A description of is as follows:

**Sex:** **Color of skin**: White **Color of hair:** Gray **Age**: Over 65 Yrs.
**Height:** 5ft4in-5ft8in **Weight:** 100-130 Lbs. **Other** : Glasses

I asked the person spoken whether the subject was in active military service or financially dependent upon any one who is in the military service of the United States or of the State of in any capacity whatever and received a negative reply. The source of my information and belief are the conversations above narrated. Upon that information and belief I assert that the recipient is not in the military service of State or of the United States as that term is defined in either the State or in Federal statutes.

I affirm on this day April 17 2024, under the penalties of perjury under the law of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

[signature]
Christopher J. Williams
Christopher J. Williams
Lic #
JobID 2422208
Maui Process Services LLC

Client's File No.:

*INTER COUNTY JUDICIAL SERVICES, LLC, 6851 JERICHO TURNPIKE, SUITE 180, SYOSSET, NY 11791 LICENSE # 1371771*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
ATTORNEY(S) JOHN V. JANUSAS
17 NORTH MAIN STREET LIBERTY, NY 12754 | PH: (845) 295-4550

Index Number: ef2024-108
Date Filed: 01/10/2024

PATRICIA CARAPINA

Plaintiff

vs

PATRICIA LOWRY KATHLEEN MAGEE AND AIRBNB, INC.

Defendant

## AFFIRMATION OF SERVICE

**Assmet Abderrahman**, the undersigned, affirms and states that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **4/20/2024**, at **11:15 AM** at **10 OCEAN PARKWAY APT D4, BROOKLYN, NY 11218**, Deponent served the within **SUMMONS AND VERIFIED COMPLAINT** ,with the index number and the filing date of the action were endorsed upon the face of the papers so served herein. On: KATHLEEN MAGEE, Defendant therein named, ( hereinafter referred to as "subject").

By delivering thereat a true copy of each to **Ellen Magee a person of suitable age and discretion.**

Said premises is subject's **dwelling house (usual place of abode)** within the state. A description of **Ellen Magee** is as follows:

**Sex**: Female **Color of skin**: White **Color of hair:** Brown **Age**: 51-65
**Height**: 5ft4in-5ft8in **Weight**: 131-160 Lbs. **Other** : glasses

In addition, Relative.

On **April 22, 2024**, service was completed by mailing a true copy of the above stated document(s) to the Defendant at the above stated address, in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

I asked the person spoken whether the subject was in active military service or financially dependent upon any one who is in the military service of the United States or of the State of NEW YORK in any capacity whatever and received a negative reply. The source of my information and belief are the conversations above narrated. Upon that information and belief I assert that the recipient is not in the military service of NEW YORK State or of the United States as that term is defined in either the State or in Federal statutes.

I affirm on this day April 22, 2024, under the penalties of perjury under the law of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Assmet Abderrahman
Lic # 1115274
JobID 2422204

Client's File No.:

*INTER COUNTY JUDICIAL SERVICES, LLC, 6851 JERICHO TURNPIKE, SUITE 180, SYOSSET, NY 11791 LICENSE # 1371771*

DERREVERE STEVENS BLACK & COZAD
ATTORNEYS AT LAW
PHONE: 561.684.3222 | FAX: 561.640.3050 | WWW.DERREVERELAW.COM

MAIN OFFICE & MAILING:
2005 VISTA PARKWAY, SUITE 210
WEST PALM BEACH, FL 33411

OTHER OFFICES:
2655 SOUTH LE JEUNE ROAD, SUITE 521
CORAL GABLES, FLORIDA 33134
PHONE: 786.255.7434

100 CAMBRIDGE STREET, 14TH FLOOR
BOSTON, MA 02114
PHONE: 617.766.8803

* JON D. DERREVERE, ESQ.
*** MICHAEL B. STEVENS, ESQ.
* BRYAN W. BLACK, ESQ.
BART COZAD, ESQ.
MEGHAN A. WILSON, ESQ.
** ROBERT STERN, ESQ.

*** LICENSED IN FL, MA, VT, NH, RI, CT, ME, AND DC.
** LICENSED IN NY, NJ, AND MA.
* FLORIDA SUPREME COURT CERTIFIED MEDIATOR.

July 19, 2024

**SENT VIA NYSCEF ONLY**

Honorable Sharon Graff
Ulster County Supreme Court
285 Wall Street
Kingston, New York 12401

Re: Case Name: Patricia Carapina v. Patricia Lowry, et al.
Index No.: EF2024-108
Our File No.: 26258

Dear Honorable Graff:

We represent defendants, Patricia Lowry and Kathleen Magee, in the above-captioned matter. We respectfully request to withdraw our Motion to Quash that was filed on July 5, 2024.

We appreciate your Honor's consideration of this request.

Respectfully submitted,

JAMES F. GALLAGHER
Tel.: 212-671-8314, ext. 10232
jfg@derreverelaw.com

JFG/ag

cc: **Via NYSCEF Only**
John V. Janusas, Esq.
***Attorney for Plaintiff, Patricia Carapina***
JOHN V. JANUSAS ATTORNEY &
COUNSELOR AT LAW
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
ULSTER COUNTY

---X

PATRICIA CARAPINA,

Plaintiff,

**REQUEST FOR PRELIMINARY CONFERENCE**

Index No.: EF2024-108

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.

---X

The undersigned requests a Preliminary Conference.

The nature of the action is for Premises Negligence.

The names, address and telephone numbers of all attorneys appearing in the action are as follows:

To: DERREVERE STEVENS BLACK & COZAD
270 Madison Avenue, Suite 1403
New York, New York 10016
(212) 671-8314

Dated: County of Sullivan
September 4, 2024

JOHN V. JANUSAS
Attorney for Plaintiff
17 North Main Street
Liberty, New York 12754
(845) 295-4550

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**REQUEST FOR ADMISSIONS PURSUANT TO C.P.L.R. SECTION 3123**

**PLEASE TAKE NOTICE** that pursuant to CPLR § 3123, Defendants, PATRICIA LOWRY and KATHLEEN MAGEE propounds the following Notice to Admit on Plaintiff, PATRICIA CARAPINA, and responses are due in accordance with the CPLR:

1. All of the allegations set forth in Plaintiff's Complaint concerning damages are true and correct.

2. Plaintiff has been damaged in an amount which exceeds $75,000.00, exclusive of interest and costs, in this matter.

3. Plaintiff has not been damaged in an amount which exceeds $75,000.00, exclusive of interest and costs, in this matter.

4. Plaintiff is seeking damages in excess of $75,000.00, exclusive of interest and costs, in this matter.

5. Plaintiff does not and will not seek damages in excess of $75,000.00, exclusive of interest and costs, in this matter.

6. Plaintiff will not stipulate that your damage claim is less than $75,000.00, exclusive of interest and costs, in this matter.

7. Plaintiff's damages including past medical bills, future medical treatment, past pain and suffering and future pain and suffering exceed $75,000.00.

8. Plaintiff's damages including past medical bills, future medical treatment, past pain and suffering and future pain and suffering do not exceed $75,000.00.

Dated: October 31, 2024
New York, New York

**DERREVERE STEVENS BLACK & COZAD**

BY:______________________________
JAMES F. GALLAGHER, ESQ.
***Attorneys for Defendants,***
***PATRICIA LOWRY and KATHLEEN MAGEE***
270 Madison Avenue, Suite 1403
New York, New York 10016
Telephone: (212) 671-8314 ext. 10232
Facsimile: (561) 640-3050
jfg@derreverelaw.com
nynjservice@derreverelaw.com
ksc@derreverelaw.com
jmosca@derreverelaw.com

TO: **VIA NYSCEF**
John V. Janusas, Esq.
17 North Main Street
Liberty, New York 12754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
---------------------------------------------------------------X
PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: EF2024-108

**AFFIRMATION OF SERVICE**

I, Jo-Ann Mosca, am not a party to this action, I am over 18 years of age and reside in Dutchess County, New York.

On October 31, 2024, I served the annexed Defendants, Patricia Lowry and Kathleen Magee's Request for Admissions to Plaintiff, Patricia Carapina, via E-mail on:

JOHN V. JANUSAS, ESQ.
***Attorney for Plaintiff, PATRICIA CARAPINA***
17 North Main Street
Liberty, New York 12754
(845) 295-4550
**johnjanusas@gmail.com**

I affirm this 31st day of October, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

*Jo-Ann Mosca*

Jo-Ann Mosca

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ULSTER** Index No. EF2024-108

PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and
AIRBNB, INC.,

Defendants.

# REQUEST FOR ADMISSIONS

DERREVERE STEVENS BLACK & COZAD
***Attorneys for Defendants, PATRICIA LOWRY and KATHLEEN MAGEE***
270 Madison Avenue, Suite 1403
New York, New York 10016
Tel: (212) 671-8314 ext. 10232

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ULSTER**
**JUDGE GRAFF, SHARON**

**PATRICIA CARAPINA**

**- v. -**

**PATRICIA LOWRY et al**

**Index # EF2024-108**

# COURT NOTICE

Please be advised that a preliminary conference has been scheduled in this matter for December 11, 2024 at 9:30 a.m. before the Hon. Sharon A. Graff via Microsoft Teams. A Teams invitation will follow. Kindly confirm upon receipt.

Adjournments will be granted only in exceptional cases, and only by permission of the Court.

Thank you.

Cheryl A. Sussin, Secretary to
HON. SHARON A. GRAFF, JSC

DATED 11/18/2024 FILED By Cheryl Sussin

SUPREME COURT, COUNTY OF ULSTER
INDIVIDUAL ASSIGNMENT PART, Justice Graff

PATRICIA CARAPINA,

Plaintiff,

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,

Defendants.

**PRELIMINARY CONFERENCE ORDER**

**INDEX NO. EF2024-108**

Upon a Preliminary Conference held on 12/11/24, it is hereby **ORDERED**:

(1) Demands for Discovery, Interrogatories, Bill of Particulars, Authorizations and all other Paper Discovery shall be served by: Complete

(2) Responses thereto shall be served by: Complete
Counsel must stamp all paper discovery with page numbers unless the total document production in the case does not exceed 100 pages.

(3) Party Depositions shall be completed by: π by 2/14/25 Δ by 3/17/25

(4) Non-party Depositions shall be completed by: ______

(5) Medical Exam(s) shall be completed by: 5/5/25
The report is to be provided 45 days after any exam.

(6) End date for all fact discovery and deadline for Plaintiff to file a Trial Note of Issue and Certificate of Readiness (**Must be within 6 months of the initial conference date absent leave of Court**): 6/17/25

(7) A compliance conference, at which the Court will set (1) deadlines for expert disclosure; (2) a summary judgment briefing schedule; and (3) a date certain for trial will be held at: 6/23/25 @ 9:30 am by Teams.

**Any adjournments of these deadlines _must_ be requested in writing prior to the deadline, on notice to all parties.** Should a discovery dispute arise, **prior to filing a motion** the parties must (a) comply with the good faith conferral requirements of 22 NYCRR §202.7 **AND** (b) request a pre-motion conference.

And it is further Ordered that ______

Dated: 12/11/24
Kingston, New York

**SO ORDERED:**

Sharon A. Graff
SHARON A. GRAFF, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
------------------------------------------------------------------X

PATRICIA CARAPINA,
Plaintiff,

Index No.: EF2024-108

-against-

PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC.,
Defendants,
----------------------------------------------------------------------X

**NOTICE OF APPEARANCE**

**PLEASE TAKE NOTICE** that Robert A Stern, Esq. of the law firm of DERREVERE STEVENS BLACK & COZAD hereby enters an appearance in the above-captioned matter on behalf of Defendants, PATRICIA LOWRY and KATHLEEN MAGEE.

Dated: January 6, 2025
New York, New York

Respectfully submitted,

DERREVERE STEVENS BLACK & COZAD

By:______________________________

Robert A. Stern, Esq.
*Attorneys for Plaintiff*
270 Madison Avenue, Suite 1403
New York, NY 10016
Phone: (212) 671-8310
Fax: (561) 640-3050
Email: ras@derreverelaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

| | |
|---|---|
| PATRICIA CARAPINA, Plaintiff, -against- PATRICIA LOWRY, KATHLEEN MAGEE and AIRBNB, INC., Defendants. | Index No.: EF2024-108 |

**NOTICE OF APPEARANCE**

**PLEASE TAKE NOTICE** that Russell D. Barr, Esq. of the firm BARR LAW GROUP hereby enters an appearance in the above-captioned matter on behalf of Defendants, PATRICIA LOWRY and KATHLEEN MAGEE.

Dated: January 9, 2025
Stowe, Vermont

Respectfully Submitted,

BARR LAW GROUP

By: ______________________

Russell D. Barr
Barr Law Group
100 Park Avenue, Suite 1600
New York, NY 10017
Phone: 802.253.6272
Fax: 802.253.6055
Email: russ@barrlaw.com